IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
NRD INVESTMENTS LLC,            )
                                )
             Plaintiff,         )
                                )
     v.                         )     No.  07 C 5166
                                )
NEUMANN HOMES, INC., et al.,    )
                                )
             Defendants.        )
```

## MEMORANDUM ORDER

This Court has just received the pleading filed by Kenneth Neumann ("Neumann") in response to the Complaint brought against him and Neumann Homes, Inc.[1] by NRD Investments LLC ("NRD"). Neumann's filing comprises (1) his answer to NRD's Complaint, (2) his Affirmative Defenses ("ADs") to the Complaint, (3) his counterclaim against NRD and (4) his Third Party Complaint against Tadian Holdings, LLC ("Tadian"). Although the lengthy pleading has all the earmarks of an effort to be thorough and meticulous, two minor flaws have occasioned the sua sponte issuance of this memorandum order.

First, it is true that Answer ¶¶2, 14 and 19 have adhered faithfully to the formulation set out in Fed. R. Civ. P. ("Rule") 8(b)'s second sentence as the required disclaimer to get the benefit of a deemed denial as to NRD's corresponding allegations.

---

[1] This Court is aware of the newspaper reports that Neumann Homes, Inc. has sought the protective mantle of bankruptcy proceedings. That triggers the automatic statutory stay of proceedings against that codefendant, but it does not affect this action against Neumann individually.

But having done so, each of those paragraphs then goes on to <u>deny</u> the selfsame allegations as to which Neumann has just said he lacks enough information even to form a belief as to the truth of those allegations. Just a moment's thought is needed to see that such a denial cannot thus be advanced in the objective good faith that is required of every pleader under Rule 11, so that the phrase "and, therefore, denies those allegations" is stricken from each of the cited paragraphs.

Finally, all of the ADs save one conform to the requirements of Rule 8(c) and of the caselaw applying it (though it does appear that AD 4 may be advanced in an overabundance of caution, because the Complaint reads in terms of Neumann's purported liability as resting solely on written guaranties). In the one problematic instance, AD 6 sets out the essential equivalent of a Rule 12(b)(6) motion, something that is at odds with the fundamental principle that ADs must accept the well-pleaded allegations of the opposing party as gospel--and from that perspective it certainly appears that NRD is entitled to stay in court on its Complaint. Accordingly AD 6 is stricken--but without prejudice to a properly and promptly advanced Rule 12(b)(6) motion that identifies any legal defects in NRD's claim even if its allegations are accepted as true.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 9, 2007

2